May it please the Court, Jason Carr appearing on behalf of Appellant Sarbia. I intend to reserve some time for rebuttal, if I may. Sure. The District Court significantly enhanced Sarbia's sentence based on the belief he possessed a prior predicate crime of violence. But the expressly charged conduct of that prior, i.e., attempted discharge of a firearm, does not, by its nature, present a significant or a serious potential risk of physical injury to another. Now, the problem that Sarbia has, although it's very difficult to argue with that contention, that attempted discharge of a firearm presents a serious potential risk of violence, especially under Nevada Attempt Law, but the District Court reasonably relied on what this Court said in Riley. And my mission here today is to explain to this Court that what this Court said in Riley is both Dicta A and B should not be given much weight because the Court did not analyze the whole picture. But the Court said in Riley, and Riley was analyzing this attempted simple rape Louisiana statute, and what the majority of the opinion does is analyze the predicate crime, simple rape, under Louisiana statute, without the attempt nuance. At the end of Riley, what the Court says, although this was not briefed or raised by the parties, we note that the fact that he was convicted of attempted simple rape has no bearing because of the commentary to 4B1.2. And the commentary that the Court relies on is this first part, which says, crime of violence, and this is a note 1 of the commentary to 4B1.2, crime of violence and controlled substance offense includes the offenses of aiding, abetting, conspiring, and attempting. Well, that sounds pretty powerful. But what the Court did not do in Riley was move down to the next section. And the next section gives a very specific, particularized command of how we evaluate these crimes. And there's four different kinds of crimes. There's enumerated crimes. There are elemental crimes. There are also crimes involving explosives. And there's the residual crimes. And what we're analyzing here is a residual crime. And in Terry Crespo, this Court prefaced and used this exact same language, and that is that we have to look at the other offenses included as a crime of violence if the conduct set forth, i.e., expressly charged in the count for which the defendant was convicted, by its nature, presented a serious potential risk of physical injury to another. What I'm propping to the Court here today is that this general pronouncement that attempts count is not governed by the specific pronouncement which says we must look to the conduct set forth, i.e., expressly charged, and evaluate that conduct by its nature. The government would have this Court ignore that commentary. In the government's mind, this general pronouncement that attempts count overrides the sentencing commission's specific and direct command to this Court to look at the conduct expressly charged in the count of conviction. Let me see if I can understand the argument. Are you saying, as we get into the comment of crime of violence includes, where you've got the red letters, that attempt is relevant only as to, A, that offense has an element, the use, attempted use, or threatened use of physical force against the person of another, but, B, which does not say physical force, it just says by its nature is dangerous, does not have attempt in that. It's the opposite, Your Honor. What I'm arguing is that if the crime is enumerated, then the fact that it's an attempted conviction would not matter because of this language. If the crime has an offense that has an element of force or violence, this category, the second category, it would not matter if he was convicted of attempt. If the crime involves explosives, which is the third category, it would not matter if he was convicted of an attempt. There's the fourth category is the only time where attempts matter. And why does it matter? Because of the specific directive here that when we evaluate that specific category of crime, we're supposed to do a more searching inquiry. We're supposed to evaluate the exact expressly charged crime. Now, there's another nuance to this case, though, and that is the very unique nature of Nevada attempt law. This Court in Sparks talked about how odd Nevada attempt law is. And this is important because when legislature or the commission uses a word like attempt without defining attempt, which it never does, it's assumed that the attempt means what it means in the common law. It's interlaced with the common law annotations of attempt. And under attempts, under Federal common law and in most states, attempts mean substantial step towards completion. Not in Nevada. Under Nevada law and as described in Sparks, you can be convicted of an attempt if you take a slight act toward commission of the offense if your intent, if they can show enough proof of your specific intent. Additionally, in Van Bell, another case, a Nevada Supreme Court case cited in Sparks, Van Bell says you don't even have to be anywhere near the scene of the alleged crime. No physical proximity necessary. So what does this mean? Well, under Nevada attempt law, attempted unlawful discharge of a firearm has very little or no risk of serious potential risk categorically to another person. You don't have to be anywhere near this place. You have to just take some slight act toward the completion of this offense, which means what? You could have called your friend and say, give me a ride down to this guy's house. I want to shoot at it. Or you could just be in possession of the firearm. And I will note in 4B1.2, the commentary, this same commentary note, the next thing down, it says possession of a firearm does not count as a crime of violence. And I would argue that under Nevada law that you can be convicted of attempted discharge for just that, just simple possession of the firearm. And that is an act of vice nature. Is this true? That is to say, don't you have to have not only possess it, but have the intent to use it? You would have to have the specific intent component. Yeah. But this court talked about that in Wheatley, another case that talks about attempts. In Wheatley, it said, well, it depends on what the conduct of conviction is. Because even if you had the intent in Wheatley's about attempted burglary under ACCA, even if you had the intent, if you're just possessing burglary tools, you're just casing a home, it's just too much of an attenuation of the risk. There's just no risk, inherent risk involved in that conduct that triggers the, what this court called exacting language in Sparks, of the presents a serious potential risk of physical injury to another. That's a high threshold that the government has to prove. A lot of risk. Now, another point that I would definitely like to make here about Riley is you have to look at what the case did. The case decided it went through simple rape as a normal predicate, substantive crime, and held that this crime does, in fact, qualify as a crime of violence. But one of the major, the major motive of this decision there, one of the things that was relied upon heavily, and what the court said, is that every time a perpetrator engages in or attempts to engage in an act of rape, some contact with the victim is achieved. And I would submit to the court, if you look at the Riley case, it's very heavily predicated on this idea of contact. Well, we know that there's no physical contact in attempted discharge of a firearm by both its nature as a charged crime and under Nevada law, because under Nevada law, as determined in Van Bell, no physical proximity to the situs of this, of the attempted crime is necessary. So the court's pronouncement there of some contact, of physical proximity, does not apply in Nevada law. And under a categorical approach, you know, we don't just buy into the court's claim. The court made the judgment of conviction here says attempted unlawful discharge. But what under the categorical approach this court needs to do is go beyond that label. And it's entirely appropriate to look at what does Nevada attempt law mean. And a Nevada attempt law is very divergent from attempt law as it's understood in the common law. The other problem with Riley is, as I said in the beginning, the issue of this commentary note was never briefed. The court never discusses this part. The court briefly mentions the first part. But there's no mention of the second part. And that gets into what Judge Posner said in Crawley about the nature of dicta. That dicta is unreliable and should be deemed dicta if it's a pronouncement not refined. Judge Posner should know that better than anybody else. He writes more dicta than any person I've ever read. He's an expert. Yeah, he knows about it. Okay. But what he says is that it's dicta if it's not refined by the fires of adversarial presentation. You've indicated several times now that the comment in Riley was dicta. What was the crime in Riley? It was attempted simple rape under a Louisiana statute. So why are you saying it's dicta? This is an attempted crime as well. Two reasons. Because the court says specifically that the defendant never raises the issue of attempt. So it was never briefed. It's not refined by the fires of adversarial presentation. Second reason is that if you look at the court's decision, they analyzed the statute almost solely until the very end as just is this crime in general, does it qualify categorically? If we disagree with you that it's dicta, then it's the law of the circuit, isn't it? I would argue no, Your Honor, because even if you apply my analysis here, my analysis would reach the same decision as they reached in Riley. If you analyze attempted simple rape, if you analyze the crime as it's charged by its nature, it would, in fact, lead to a serious potential risk of injury, even attempted simple rape. And you can get that by looking at the decision in Riley and what they relied upon and the fact that the attempt doesn't attenuate the risk in rape as opposed to this crime. And I have to sit down now. Okay. We'll give you a moment to rebut. Thank you. Good morning, Mr. Court. Thomas Docherty for the United States. Mr. Card crystallized the issue. It all comes down to U.S. v. Riley. The government's position is that it is the law of the circuit and that it is instructive for this Court with respect to how to analyze this issue. The Court in Riley analyzed simple rape, attempted simple rape. Since it was not one of the enumerated offenses under 4B1.2, they then went to look or then analyzed the situation as to whether or not it involved a crime which committed or was potentially committing a physical injury towards another. Once they decided that substantive offense of simple rape fit as a or was, in fact, a crime of violence, the fact that it was an attempted crime of violence, the Court very clearly said it has such a distinction as of no import to our analysis. And that's what the government is saying here. This is the exact same situation. As the Court just recently decided in Terry Crespo, these sorts of situations with respect to discharge of a firearm are clearly crimes of violence. Once you get to that point, once you come to that conclusion that, in fact, discharging a firearm into a dwelling or into a building within city limits, as was the case in Terry Crespo, is, in fact, a crime of violence, the fact that it is an attempt has no bearing on the fact or takes it out of the definition of being a crime of violence. What response do you have to the argument that, assuming for a moment that we agree with you as to what you've said so far, but Nevada attempt law is broader than ordinary common law attempt? I would argue, Honor, that that distinction does not matter in light of the fact that the commentary to the guideline is very clear. It says attempts have no import or do not have an impact. Wait a minute. Where does the commentary say that? 4B1.2, comment one. Right there? Yes, Your Honor. I'm sorry. Crime of violence includes attempts. I misstated it. Yeah, that's what it says. Yes, sir. I switched it. Crime of violence includes attempts. Right. But then we have to figure out what's the definition of attempt. Certainly. And he pled to attempt. Yes, he did. We don't have any charging documents to know exactly what he did, do we? So we're forced with the total totality of the definition of what can constitute attempt in Nevada law. Is that right? Exactly, Your Honor. So that means for purposes of your argument, you've got to show that anything that could be attempt under Nevada law is attempt within the meaning of the guideline. Isn't that right? Right. And we would argue that, in fact, it is. I mean, if he, in fact, pleads guilty. But, you see, I want to come back then to my question, because I think the answer you gave to my question wasn't quite responsive to where we've gotten. That is to say, are you arguing that Nevada attempt law is perfectly coincident with the common law of attempt? Because he's making an argument that Nevada attempt law is much broader. It's true. What's true? I would concede, Your Honor, that, in fact, Nevada attempt law is not as, or there is a lower standard comparatively to federal common law. Well, then how can you win this case? Because, Your Honor, the commentary is very clear. It does not distinct or make distinctions between attempts of one state to another, a state's attempt. But are you familiar with our sort of categorical and modified categorical law? Certainly, Your Honor. Yeah. Certainly. But that means, then, that, you know, the state can define it however it wants to do. But if the state defines something, for example, I don't know, assault, more broadly than the common law of assault, if all you have is a plea of guilty to assault without any accompanying facts so you know specifically what happened, that doesn't establish assault because the definition is broader than the common law. I understand that, Your Honor. So how do you get to where you want to get? Your Honor, again, I would argue that the fact that he was, he pled guilty to attempt. He was not charged originally for attempt in this case, although that's not part of the record that's before you. But he was charged with something much different, and he ended up actually pleading to attempt. Yeah, sure. And there's no documentation with respect to a new charging document that's presented to the defendant when he walks in to plead guilty or not plead guilty in the State of Nevada. And that's part of the problem in this case. No, it is part of the problem. I understand. So I would argue again, Your Honor, that the commentary is clear, and I understand that the Court's position, but we would argue that in a situation such as this, the analysis, you don't, the fact that he, that the key to the analysis is whether or not the underlying substantive crime is, in fact, a crime of violence. That the impact on the attempt or whether or not he pled guilty to attempt or not is not as, or once you have decided or you find that the substantive underlying offense is, in fact, a crime of violence, the fact that it's an attempt does not take it outside the definition, even if that attempt or that definition of attempt is different. So your argument is that with respect to criminal behavior and pleas to criminal behavior and so on, and we say, well, were you previously convicted of this or that, when we've got it as an enhanced, an enhancement of a present criminal conviction, we have the categorical approach. But when we're reading the guidelines, we don't have the same categorical, modified categorical approach. I still don't get it. I'm not sure if I understand your question, Your Honor. Well, I'm not sure I understand your argument. That is to say, I still am not, I still have not been moved away from my discomfort with your case, the discomfort being that we now have, I think, as common ground among us, that Nevada attempt law is broader than the common law of attempt. We have the guidelines saying attempt is the crime for purposes of the enhancement, but the guideline, I think, we're in agreement, uses the common law definition. And because we don't have any facts of which we can take judicial cognizance as to what he actually did, we have to go as broad as Nevada law would be. Therefore, we don't know that he's guilty of attempt as defined in the guidelines. Ergo, you've got a problem. Again, Your Honor, I would disagree. Because? Yeah, help me help. I'm trying to get you to help me out of that problem. I understand, Your Honor. At this point, Your Honor, there was no submission of the charging documentation at the sentencing hearing, so I understand the Court's concern. But all I can say, Your Honor, is that our argument would be that the fact that he did the analysis with respect to the definition of attempt, even if the Federal definition is not as broad as the State definition, at least my understanding, and I did not brief this issue, as the Court is aware, my argument would be that that would not have ultimately an impact in this case or that there's no basis or there's no support for the fact that that then takes it out with regard to this particular guideline, that then takes it out of or then makes it not a crime of violence under 4B1.2. Penning, any questions? Well, what is your answer to, let me frame up a hypothetical based on his argument. Certainly, Your Honor. Under Nevada law, if someone intends to fire into an inhabited building, gets in the car to carry that intent, stops a block away and does nothing else, would he be guilty under Nevada law of attempted discharge of a weapon into a building? I don't know. He would possess the weapon. He had the intent. He drove there. He had to take, well, and if you, if we would all agree that the driving to the spot or making, constituted that some step with regard to it, yes. I would argue that yes, that that would meet the definition. But that, again, the government's position is that is a proper analysis when you're looking at the definition of crime of violence under Armed Career Criminal Act. In other words, whether or not that attempt has an impact on the actual potential for physical injury. But when you look at Riley, it's clear that the Court says it should have no impact when, in these sort of situations, with regard to whether or not, in fact, it is a crime of violence. And that is, and that's essentially our position, that it doesn't have an impact on the analysis. The attempt issue does not or should not under Riley. Thank you, Your Honor. Thank you very much. How about a minute? A minute, I'll take it. So Riley is also distinguishable because Nevada attempt law is different. So the Court need not overrule Riley because we have this Nevada nuance. And to answer Judge Alicon's question, you could be convicted under Nevada law if you're still sitting in your home, as long as the state could show your specific intent. But in Sparks, they cite a case called a Nevada case. But steps would be taken under Nevada law to fire at a building if you're sitting at home. If you called up your friend and said, come get me, I want to shoot my gangbanger friend. Because what the Nevada law says is slight acts will qualify as long as the state can show the specific intent. It's almost an inverse relationship between the intent and the law. Are there Nevada cases that illustrate the examples you've given? In Van Bell, the individual was convicted of attempted sexual abuse of a minor. And, indeed, there was no minor involved. But he was convicted when he was still in his car because he had Vaseline and he evidenced his intent to actually have sex with this minor. So he was nowhere near a minor at the time. And the Court held that that was a valid attempt conviction because there was strong evidence of intent. And so his slight acts of preparation qualified. And in Larson, the Nevada Supreme Court says, you know, that slight acts done in furtherance of the crime constitute attempt. And Larson cited it in Sparks. Sparks talks about that. And just to conclude here, Your Honor, I would ask that this Court, there is another Ninth Circuit case which held that the state labeled a felony under Arizona possession law. Arizona called drug possession cases felonies. But, in fact, you could get no jail time for a first-time conviction. The Court, using the categorical approach, went beyond the term felony, the label, and looked at what it really meant and said, well, this isn't a felony, as we know it, under the common law, under federal law. Therefore, that label can't control. So you use the categorical approach for more than just the crime, as would that case illustrate. You use it for other labels of import, be it felony or not. That was my question to your adversary. Okay. Thank you. Thank you very much. Another interesting case. Thank you, both counsel. The case of United States versus Serbia is now submitted. The next case on the calendar is I'm not sure how to pronounce it. Gomez.
judges: Hug, Alarcon,w. Fletcher